# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**DANIEL T. YOUNGER**                                                **PLAINTIFF**

**v.**                    **Case No.  3:22-CV-143-BSM**

**J&CT LLC**                                                         **DEFENDANT**

## AGREED PROTECTIVE ORDER

Now comes Plaintiff, Daniel Younger, and Defendant, J&CT LLC, and submit their Agreed Protective Order to the Court pursuant to Rule 26 of the Federal Rules of Civil Procedure, and state to the Court that they have agreed to this Protective Order to govern the production and disclosure of certain documents and other information in this action by and between the Plaintiff and the Defendants:

      1.       In discovery in this action, Plaintiff and Defendant may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Order. Confidential information is medical, psychological, and financial records. Plaintiff and Defendant have a right to privacy in the matters contained in their financial, psychological, and medical records. The documentation



which is the subject of this Order has been maintained and is now being maintained by the producer as confidential. Confidential documents shall be so designated by stamping copies of the pages of documents containing confidential information with the word "CONFIDENTIAL."

2. Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding or by a written designation within seven (7) days of receiving the transcript of the proceeding. The designation shall be made by notifying opposing counsel of the specific pages and lines being designated as confidential. Until the seven-day designation period expires, the entire deposition transcript shall be treated as confidential.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or part from material designated as confidential ("Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose.

4. The inadvertent production or disclosure of any information, document, transcript, or other thing without a confidentiality designation

shall not in and of itself be deemed a waiver of the party's claim of confidentiality as to such material, nor shall an inadvertent production or disclosure of any document or communication subject to an attorney/client, work product, or other privilege be deemed a waiver of any privilege if the party entitled to assert such privilege promptly notifies the party to whom disclosure or production was made that the disclosure or production was inadvertent and that the privilege is not waived. The party may "snap back" any privileged document that has been inadvertently produced, by writing a letter requesting that the document be returned. The party receiving a "snap back" letter shall return the original and all copies of the privileged document, make no use of the information contained therein, even if the party disputes the underlying privilege claimed. The party's return of an allegedly privileged document is without prejudice to its right to seek a judicial determination of the merits of that privilege claim.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court (under seal), court personnel (under seal), counsel of record for Defendants and Plaintiff (including counsel's paralegal, clerical, and secretarial staff), and the "qualified persons" designated below:

      a.    a named party;

      b.    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

      c.    court reporter(s) employed in this action;

      d.    any person whose testimony is taken in this action whom counsel in good faith believes has some prior familiarity with the confidential information about to be disclosed;

      e.    any person specifically referenced as an author, sender, addressee or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence; and any other person as to whom the named parties in writing agree.

When disclosing Confidential Material to any qualified persons listed above, the foregoing parties shall furnish them with a copy of this Order, ask them to sign the Order, and obtain their agreement to treat the disclosed material as confidential and to abide by this Order. Confidential Material

may not be disclosed to non-parties to this action other than as set forth above.

6. Nothing herein shall impose any restriction on Plaintiff's and Defendant's use or disclosure of material obtained by them independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing their own Confidential Material as they deem appropriate.

7. If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential - Subject to Court Order" and filed under seal until further order of the Court.

8. The disclosure of Confidential Material pursuant to discovery or to the procedures set forth in this Order, or any use of Confidential Material in a court proceeding in this action, shall not constitute a waiver of any privacy rights or of any proprietary or other rights to or in such material, nor shall such material lose its confidential status by such use or disclosure.

9. Nothing in this Order shall affect the admissibility into evidence of Confidential Material. However, nothing herein shall preclude a named party from seeking confidential treatment from the Court with respect to the use or disclosure of Confidential Material in court proceedings, or from

raising any available objection, including without limitation objections concerning admissibility, materiality, and privilege.

10. If a dispute arises between Defendant and Plaintiff regarding a confidentiality designation, those parties shall make a good faith effort to resolve the dispute without intervention of the Court. If that effort is unsuccessful, the party making the disputed confidentiality designation may promptly move the Court for a ruling that the designated materials are entitled to protection. The material in question shall be treated as Confidential under the terms of this Order until such time as such motion can be heard and determined by the Court. No party shall be obliged to dispute the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such a designation.

11. The Order shall be without prejudice to the rights of Plaintiff and Defendants to:

> a. present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein;

    b. present a motion to the court for modification of this Order, or

    c. to seek judicial review, or pursue other judicial action, with respect to any ruling made by the Court concerning the status of any designated Confidential Material.

  12. If the parties to the agreement inadvertently disclose Confidential Material) the disclosing party shall promptly notify the other named parties of the disclosure of the material.

  13. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by the parties to the agreement, or to have the effect of altering any existing obligation of any named party (or the absence thereof), or to have the effect of altering the confidentiality or non-confidentiality of any such document or information.

  14. This Order shall survive the final termination of this action to the extent that the information contained in any Confidential Material is not or does not become known to the public. The Court shall retain jurisdiction to

resolve any dispute concerning the use of information disclosed hereunder and to enforce the terms of this Order, including the power to issue injunctions prohibiting disclosure of the information except pursuant to the terms of this Order. Upon termination of this case, counsel for the Plaintiff and Defendants shall assemble and retain under their respective retention and destruction procedures all documents, materials, and deposition transcripts designated as confidential and all copies of same or shall certify the destruction thereof.

**IT IS SO ORDERED THIS** 23rd **DAY OF** August **, 2022.**

*Brian S. Miller*
The Honorable Brian S. Miller
United States District Judge

AGREED AND APPROVED BY:

John Holleman (AR 91056)
Timothy A. Steadman (AR 2009113)
Ben Criswell (AR 2022070)
Holleman & Associates, PA
1008 West Second Street
Little Rock, Arkansas 72201

Debbie S. Denton (AR 97095)
Anderson, Murphy & Hopkins, L.L.P.
101 River Bluff Drive, Suite A
Little Rock, AR 72202