IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DANIEL YOUNGER**                                                                      **PLAINTIFF**

v.                              **CASE NO. 3:22-CV-00143-BSM**

**J&CT, LLC and GERALD CAMPBELL**                                      **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 19] is granted on Daniel Younger's request for punitive damages and on all direct negligence claims against J&CT except the claim that it failed to adopt the policies or procedures necessary to assure that its vehicles and equipment were properly inspected, maintained, and operated.

## I. BACKGROUND

Younger was working on a bridge in a highway construction area when Campbell, who was operating a tractor-trailer under J&CT's motor carrier authority, drove through the construction area. Campbell failed to slow down for traffic and was unable to stop because his brakes were defective. Defs.' Statement of Facts ¶¶ 1-2, 5-7 Doc. No. 20. To avoid being struck, Younger jumped over the bridge's guardrail and fell to the ground. *Id.* ¶ 7. The Arkansas Highway Police inspected Campbell's tractor-trailer shortly after the accident and cited him for reckless driving with physical injury-first offense and unsafe vehicle/defective equipment. *Id.* ¶ 9.

In the two months preceding the accident, the tractor-trailer was given two Level II driver and vehicle inspections which resulted in multiple citations. *Id.* ¶¶ 11-12. After one

inspection, the tractor-trailer was cited for violating 49 C.F.R. § 393.45(d) because it had leaks in the brake connections. Defs.' Mot. Part. Summ. J. Ex. 1 at 3, Doc. No. 19-1. Neither of these inspections resulted in a citation for an out-of-service violation, *id.* at 3, 6, which is an infringement of a traffic safety statute or regulation that "substantially increases the likelihood of serious injury or death if not discontinued immediately." 49 U.S.C. § 521(b)(5)(A), (B). The post-accident inspection, however, did result in an out-of-service violation for defective brakes. Defs.' Mot. Part. Summ. J. Ex. 1 at 1.

J&CT admits that it is vicariously liable for Campbell's negligence. It, however, is moving for summary judgment on Younger's punitive damages and direct negligence claims. Defs.' Statement of Facts ¶ 8; J&CT's Stipulation, Doc. No. 18.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Once the moving party shows that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). All facts are viewed in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

III.  DISCUSSION

A.	Punitive Damages

Defendants are entitled to summary judgment on the question of punitive damages because Younger cannot show by clear and convincing evidence that he is entitled to punitive damages.  Punitive damages are a question for the jury when there is evidence that "[t]he defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences . . . ."  Ark. Code Ann. § 16-55-206(1).  Punitive damages may be awarded only when the evidence is "clear and convincing."  Ark. Code Ann. § 16-55-207.

Before 2003, the Arkansas Supreme Court allowed punitive damages in automobile accident cases only when they involved driving under the influence and racing.  *See Nat'l Bank of Com. v. McNeill Trucking Co.*, 828 S.W.2d 584, 588 (Ark. 1992) (Dudley, J., concurring).  In *D'Arbonne Construction Co. v. Foster*, 123 S.W.3d 894 (Ark. 2003), however, it affirmed punitive damages in an accident case involving a truck driver who was speeding with brakes that were in serious disrepair but had been effectively disabled so that the truck could continue to operate without them being repaired.  *Id.* at 898-900.  The Court held that "[w]hether a vehicle is being operated in such a manner as to amount to wanton or willful conduct in disregard of the rights of others must be determined by the facts and circumstances in each individual case."  *Id.* at 898.  Subsequent rulings in vehicle accident cases, however,  have continued to limit the availability of punitive damages.  *See Brumley*

3

*v. Keech*, 2012 Ark. 263, at 5 (Ark. 2012) (violation of controlled-substance testing regulation); *Bizzell v. Transp. Corp. of Am., Inc.*, No. 4:16-CV-00376-JLH, 2017 WL 3381358, at *4 (E.D. Ark. Aug. 4, 2017) (driver had various citations and accidents); *Riffey v. CRST Expedited, Inc.*, No. 3:12-CV-00294-BRW, 2013 WL 6836665, at *2-3 (E.D. Ark. Dec. 20, 2013) (tractor-trailer driven on icy, slick road); *Perry v. Stevens Transp., Inc.*, No. 3:11-CV-00048-JLH, 2012 WL 2805026, at *5 (E.D. Ark. July 9, 2012) (driver had six prior non-injury scrape-and-bump collisions); *Wheeler v. Carlton*, No. 3:06-CV-00068-GTE, 2007 WL 30261, at *9-11 (E.D. Ark. Jan. 4, 2007) (driver had twelve prior driving citations and three accidents).

Younger contends that punitive damages are appropriate because Campbell drove his tractor-trailer through the construction site too fast although defendants knew its brakes were defective. Pl.'s Resp. Mot. Part. Summ. J. 5, Doc. No. 23. In support of this position, Younger argues that defendants failed to repair the brakes although the brakes were cited on May 7 for having a leak in their air system. *Id.* The post-accident examination identified multiple brake system violations that were cumulatively serious enough to put the tractor-trailer out of service. Defs.' Mot. Part. Summ. J. Ex. 1 at 1. The problem with Younger's argument is that the brake violations cited in the post-accident examination were not the same as the brake connection air leak that was cited on May 7. *Id.* at 1, 3. Moreover, the air leak citation was not an out-of-service violation, which means that it was determined not to "substantially increase[] the likelihood of serious injury or death if not discontinued immediately." 49 U.S.C. § 521(b)(5)(B). Finally, nothing in the record shows that the brake

4

connection air leak caused, or even contributed to, the accident. *See Brumley*, 2012 Ark. 263, at *5. Younger has therefore failed to show that defendants acted with the "wanton or willful conduct" necessary to warrant punitive damages.

      B.      <u>Direct Negligence Claim against J&CT</u>

Summary judgment is granted on all of Younger's direct liability claims against J&CT except his claim that J&CT failed to adopt the policies and procedures necessary to assure that its vehicles and equipment were properly inspected, maintained and operated.

J&CT is moving for summary judgment on Younger's direct liability claims against it because it has stipulated that it is vicariously liable for Campbell's actions. Typically, when a defendant admits vicarious liability for the actions of its agent, a plaintiff alleging vicarious liability and direct liability is limited to proceeding on its vicarious liability claim. *Elrod v. G&R Constr. Co.*, 628 S.W.2d 17, 18-19 (Ark. 1982). The two exceptions to this are: (1) when there is a valid punitive damages claim against the defendant and (2) when a plaintiff alleges liability based on the defendant's policies and procedures. *McCaslin v. French Trucking, Inc.*, No. 2:16-CV-000049-JLH, 2017 WL 4228204, at *3 (E.D. Ark. Sept. 22, 2017). Summary judgment has been granted on Younger's punitive damages claim, so he does not meet the first exception.

There is, however, a genuine factual dispute regarding whether Younger meets the policies and procedures exception. *See* Am. Compl. ¶ 29 (alleging that J&CT had inadequate policies and procedures for inspecting, maintaining, and safely operating its vehicles and equipment). In support of this argument, Younger points out that, during the year of the

accident, the tractor-trailer was cited for numerous violations on three separate occasions. Defs.' Mot. Part. Summ. J. Ex. 1 at 1, 3, 6. These citations reflect multiple expired or missing permits, registrations, and insurance and defective components of the vehicle, including a defect serious enough to render the vehicle an imminent hazard. *Id.;* 49 U.S.C. § 521(b)(5). When viewed in the light most favorable to Younger, the non-moving party, there is a genuine factual dispute on this issue.

Finally, although defendants argue that Younger has failed to present evidence that J&CT's deficient policies and procedures were the proximate cause of the accident, Defs.' Reply 5-6, Doc. No. 25, this argument will not be considered because it was raised for the first time in defendants' reply brief. *Anderson v. Rugged Races LLC*, 496 F. Supp. 3d 1270, 1285 (D. Minn. 2020), *aff'd*, 42 F.4th 955 (8th Cir. 2022) (citation omitted).

## IV.  CONCLUSION

For these reasons, summary judgment is granted on Younger's punitive damages claim and on all direct negligence claims against J&CT except the claim that it failed to adopt the policies or procedures necessary to assure that its vehicles and equipment were properly inspected, maintained, and operated.

IT IS SO ORDERED this 8th day of November, 2023.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE